USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___06/23/26___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA L. R.,

          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

23-CV-8394 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated October 6, 2025 (Dkt. 22), plaintiff Ana L. R. seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving an award of $31,836.75 in fees to her attorney, representing 25% of the past due benefits payable to her by the Social Security Administration (SSA) for the attorney's work in this action. For the following reasons, I will grant the motion in the full amount requested – $31,836.75 – provided that, upon receipt of the award, counsel must remit $6,171.68 to plaintiff, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

**Background**

Plaintiff filed an application with the SSA for disability benefits on September 9, 2020, alleging disability since October 7, 2016, but the application was denied, *see* Compl. (Dkt. 1) ¶¶ 5-6; Berger Aff. (Dkt. 23) ¶ 1, and the Commissioner's decision became final on July 26, 2023. Compl. ¶ 8. On September 18, 2023, plaintiff retained Daniel Berger, Esq., to file a civil action in this Court challenging the Commissioner's decision, and entered into a Retainer Agreement with attorney Berger. *See* Berger Aff. Ex. A (Ret. Ag.). Under the Retainer Agreement, plaintiff and Berger agreed that Berger would "handl[e] the claim for Social Security Disability benefits in Federal Court." Ret. Ag. at 1. They further agreed that "[i]f the litigation [were] successful" (which

it was), and if plaintiff secured an award of past-due benefits (which she has), Berger would be entitled to 25% of those past due benefits as compensation for his legal work in this Court. *Id.* ¶ 1.

On September 22, 2023, plaintiff commenced this action through attorney Berger. On February 26, 2024, after the administrative record was filed, plaintiff filed a motion for judgment on the pleadings. (Dkt. 12.) On April 10, 2024, the parties stipulated to remand the case for further administrative proceedings. (Dkt. 14.) The Court so-ordered the remand the next day. (Dkt. 15.) On July 19, 2024, the Court awarded $8,854.95 in EAJA fees to attorney Berger. (Dkt. 21.) However, those fees were partially offset by a state tax obligation, such that counsel received only $6,171.68 in EAJA fees. *See* Berger Aff. ¶ 4; *id.* Ex. B.

On April 25, 2025, on remand, the Administrative Law Judge found that plaintiff was disabled as of October 7, 2016. *See* Berger Aff. ¶ 5. On September 23, 2025, the SSA issued a Notice of Award advising plaintiff that she was entitled to past due benefits in the amount of $127,347.00, from which the sum of $31,836.75 (25%) was withheld to cover a possible attorney's fee request. *See id.* ¶¶ 9, 16; *id.* Ex. D (Not. of Award) at 3. Plaintiff now seeks an award of the full $31,836.75 pursuant to § 406(b).

The Commissioner does not object to plaintiff's motion but asks that the Court consider the reasonableness of the requested award, and that it directs plaintiff's counsel to reimburse plaintiff the EAJA fees that he previously received. (Dkt. 27.)

### Legal Standards

The Social Security Act provides:

> Whenever a court renders a judgement favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgement, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such

2

attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C § 406(b)(1)(A).

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely filed and then reviews whether the request was reasonable. *See Sinkler v. Berryhill*, 932 F.3d 83, 86-91 (2d Cir. 2019). The "applicable limitations period for filing § 406(b) motions" is the fourteen-day period set out in Fed. R. Civ P. 54(d)(2)(B). *Sinkler,* 932 F.3d at 87-88. Thus, a § 406(b) motion must ordinarily be filed within fourteen days after the plaintiff receives the notice of award from the SSA. *Id*. at 87.

As to reasonableness, the Supreme Court has made it clear that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quoting *Vaupen v. Colvin*, 2017 WL 2304015, at *2 (S.D.N.Y May 8, 2017)), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan 3. 2018).

## **Application**

Plaintiff's fee application was filed on October 6, 2025, thirteen days after the date on the Notice of Award, and is therefore timely.

3

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested $31,836.75 fee represents 25% of plaintiff's award, pursuant to 42 U.S.C. § 406(b)(1)(A) and contemplated by the Retainer Agreement. In addition, there is no suggestion in the record that the Retainer Agreement was the result of fraud or overreach. Thus, the only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d. Cir. 1990).

Attorney Berger spent 37.8 hours working on plaintiff's case at the federal court level. Berger Aff. ¶ 7. Counsel's time records show that he spent approximately 13.2 hours reviewing the 1,538-page administrative record, and another 21.6 hours preparing a memorandum of law in support of plaintiff's motion for judgment on the pleadings. Berger Aff. Ex. C, at 3. Counsel's arguments in that memorandum persuaded the Commissioner to stipulate that the case be remanded to the agency for additional proceedings. (Dkt. 15.)

The requested $31,836.75, when divided by the 37.8 hours expended on this action, implies a *de facto* hourly rate of $842.24. Although it would be difficult to justify such a rate in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply" under § 406(b). *Baron v. Astrue*, 311 F. Supp 3d 633, 637 (S.D.N.Y 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a § 406(b) fee award on "windfall" grounds, our Circuit requires that the court consider:

(i)    "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)   "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii)  "the satisfaction of the disabled claimant"; and

(iv)    "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-55.

Attorney Berger is an experienced social security litigator who has represented claimants in district court challenging the final determination of the Commissioner with respect to both disability and non-disability determinations. *See* Berger Aff. ¶ 8. In this case, Berger spent 34.8 hours reviewing a 1,538-page administrative record and preparing plaintiff's motion for judgment on the pleadings, as a result of which he secured a stipulation remanding the matter to the SSA. Consequently, the "ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, furnishes no basis for reducing the requested fee.

Insofar as the record reflects, Berger began representing plaintiff on September 22, 2023, to seek review of the Commissioner's adverse final decision in this Court. Given the successful outcome in this Court, followed by a robust award on remand, the Court presumes, in the absence of any contrary evidence, that plaintiff was satisfied with the quality of her representation by attorney Berger.

Finally, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Here, attorney Berger faced an uncertain outcome but persisted in his representation and ultimately won a favorable outcome for his client.

For these reasons, I conclude that the $31,836.75 now requested does not constitute a prohibited windfall to plaintiff's attorney.

As noted above, the Commissioner asks that I direct plaintiff's counsel to reimburse the plaintiff the EAJA fees previously received by counsel. This proposal is consistent with the approach favored in this Circuit. *See, e.g.*, *Janes v. Berryhill*, 498 F. Supp 3d 540, 542 (S.D.N.Y 2020) (noting that where attorney fees are awarded under both EAJA and § 406(b), it has long been the rule that "the claimant attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting *Gisbrecht*, 535 U.S. at 796). Consequently, I will approve the requested § 406(b) award in the full amount of $31,836.75 and require counsel to refund – to his client – the EAJA funds previously awarded to him. Because the EAJA funds were partially offset by plaintiff's state tax obligation, counsel need only refund the $6,171.68 he actually received. *See Karla B. v. Berryhill*, 2020 WL 3047517, at *3 (N.D.N.Y June 8, 2020) (ordering plaintiff's counsel to refund EAJA fee award to the extent not offset by plaintiff's debt); *Valle v. Colvin*, 2019 WL 2118841, at *4 (S.D.N.Y May 15, 2019) (same).

## Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 22) is hereby GRANTED. Plaintiff's attorney, Daniel Berger, Esq., is awarded the sum of $31,836.75 as attorney's fees, to be paid out of plaintiff's past-due benefits, from the monies retained by the Commissioner for that purpose. Attorney Berger is directed, upon receipt of the § 406(b) award, to refund to plaintiff the EAJA fees previously awarded, in the amount of $6,171.68.

The Clerk of Court is respectfully directed to close the motion at Dkt. 22.

Dated: New York, New York
June 23, 2026

**SO ORDERED.**

_____

**BARBARA MOSES**
**United States Magistrate Judge**

6